Ms. Evelyn Polk Mr. Dicky Johnson Mr. Dave Johnson Department of Community Punishment Two Union National Plaza Building 105 West Capitol Little Rock, Arkansas 72201
Dear Ms. Polk, Mr. Johnson, and Mr. Johnson:
This official Attorney General opinion is issued in response to your request, pursuant to A.C.A. § 25-29-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that your employer, the Department of Community Punishment, received a request for your job applications, and that the custodian of the records has determined that these records should be released, with certain information (such as social security numbers) deleted. Your question is whether the custodian's decision to release the records is consistent with the FOIA.
It is my opinion that the custodian's decision to release the requested job applications is generally consistent with the FOIA. Unless it can be factually established that the release of these records would constitute a clearly unwarranted invasion of your personal privacy or would violate a protectable constitutional privacy interest, the records should be released.
This office has consistently opined that the job applications of both successful and unsuccessful job applicants are "public records," within the meaning of the FOIA, and are not subject to any exemption from disclosure. See, e.g., Ops. Att'y Gen. Nos. 96-190; 95-291; 95-113; 93-263; 93-114; 90-248. (Information that is exempted from disclosure by some other exemption or requirement, such as medical records, social security numbers, etc., must be excised from the job applications prior to their release. See Op. Att'y Gen. No. 96-190.) I have also opined, however, that the job applications of successful job applicants are "personnel records" within the meaning of the act, and that they are therefore disclosable only to the extent that the disclosure does not constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10); Ops. Att'y Gen. Nos. 96-190; 95-113; 94-187. The question of whether the release of particular records would constitute a "clearly unwarranted invasion of personal privacy" is a question of fact that must be determined on the basis of the specific information that is contained in the record. The Arkansas Supreme Court has employed a balancing test to analyze such information, weighing the public's interest in knowing the information against the individual's interest in keeping the information private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). I have not been provided with copies of the job applications in question and therefore cannot make a determination as to the nature of the information contained in them. I have previously noted, however, that it would be unusual for a job application to contain information sufficiently private to warrant withholding the record from public inspection. See Op. Att'y Gen. No. 95-291.
Finally, I must also note that the job applications of both successful and unsuccessful job applicants could be withheld from disclosure to the public if they contain information in which there is a protectable constitutional privacy interest. The Arkansas Supreme Court discussed the constitutional privacy interest in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). In that case, the court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. This analysis of the constitutional privacy interest involves questions of fact, which, again, I am unable to determine.
On the basis of the foregoing authority, I conclude that the custodian's decision to release the requested job applications is generally consistent with the FOIA. Unless it can be factually established that the release of these records would constitute a clearly unwarranted invasion of your personal privacy or would violate a protectable constitutional privacy interest, the records should be released.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh